UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL WILLIAMS,

    Plaintiff,

-vs-                                    Case No.  8:03-CV-361-T-27EAJ

CITY OF TAMPA POLICE DEPARTMENT,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the finding that he failed to perfect a timely appeal of the judgement entered against him on March 23, 2006. *See* Fed. R. App. P. 3(a) and 4(a)(1)(A) (Dkt. 37). Defendants have not filed in opposition to Plaintiff's motion.

There are three grounds that justify granting a motion to alter or amend judgment under Fed. R. Civ. P. 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). *See also CSX Transp., Inc., v. City of Pensacola, Fla.*, 936 F.Supp. 885, 889 n. 2 (N.D. Fla. 1995). Plaintiff apparently relies on the third ground for relief as he does not argue an intervening change in law or the availability of new evidence.

A review of the docket reveals that Plaintiff's copy of the order granting Defendants' motion to dismiss the complaint was mailed to him at his address of record on March 23, 2006. The envelope was not returned to the Court as undeliverable.

In an affidavit attached to his motion for reconsideration, Plaintiff avers that he did not receive a copy of the order until May 17, 2006 (Dkt. 37, Attach. (unnumbered)). Plaintiff has also filed a copy of the response he received to an Inmate Request to Staff stating that according to the Legal Mail Log maintained for the unit in which Plaintiff is housed, he did not receive any legal or certified mail between March 23 and May 17, 2006. Plaintiff filed his request for an extension of time in which to file a notice of appeal on May 18, 2006 (Dkt. 34 at 3).

The procedural bar which results from the application of Fed. R. App. P. 3(a) and Fed. R. App. P. 4(a)(1)(A) may be overcome if the circumstances which caused the untimeliness of the notice of appeal fall within the exceptions set out in Fed. R. App. P. 4(a)(6):

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (2005). In the present case, Plaintiff filed his motion for an extension of time to file a notice of appeal one (1) day after he received notice of the order dismissing his complaint. Further, the Court finds that no party will be prejudiced by the reopening of the time to file an appeal.

ACCORDINGLY, the Court **ORDERS** that

1. Plaintiff's Motion for Reconsideration is **GRANTED** (Dkt. 37).

2. The Court's June 13, 2006 order denying Plaintiff's Motion for Extension of Time to file a notice of appeal (Dkt. 36) is **VACATED**.

3. Plaintiff's Motion for Extension of Time to file a notice of appeal (Dkt. 34) is **GRANTED** pursuant to Fed. R. App. 4(a)(6). The Court accepts the Notice of Appeal Plaintiff filed on May 18, 2006 as timely (Dkt. 35).

**ORDERED** in Tampa, Florida, on _____July 6th_____, 2006.

JAMES D. WHITTEMORE
United States District Judge

SA: jsh

Copy to: All Parties/Counsel of Record